I want to explain to counsel that as you see there are only two of us for purposes of this oral argument. The third member of this panel, Justice James Connacht, has called away for court business. He isn't able to attend the oral argument. However, he will be part of the panel, ultimately involved in resolution of this case. And we want to tell you folks that we will be listening to the oral arguments as part of this discussion. So our apologies that we don't have our usual compliment here to hear your stirring representations. Nonetheless, we'll proceed. This is case number 4-12-0460. State of Illinois v. Ketterman Communications, Inc. For the appellant, Jennifer Murphy. Yes. And for the appellee, Mary Welch. Ms. Murphy, you may proceed. Thank you. Good morning. Jennifer Murphy on behalf of Ketterman Communications, Inc. On my ride down this morning, I was thinking about this case and sort of the extraordinary peculiarities of the posture that this case has had. From the trial court proceedings, about a couple days before our argument in that case, this court's decision in world painting came down. And when, during the course of proceedings in this case, we had a decision and the second decision in the Bartlow case from the appellate court, and then the decision in the Supreme Court, we then had the amendments to the Employee Classification Act. So this has been an unusual posture that this case has had. And it is further unusual because we believe that the issues presented by Ketterman are very important and are not resolved by either the cases that have previously been adjudicated either by this court in world painting or by Bartlow, and were not addressed by the Employee Classification Act amendments. And I'll get into that in a little bit, but the Employee Classification Act amendments specifically addressed the issues that were before the Supreme Court in Bartlow. They did not address the vagueness issue with regard to the definition of construction. So to begin with, our client is in the telecommunications industry. The telecommunications industry is not typically considered to be in the business of construction. So this is an act that was passed by the Illinois legislature on the basis that it was to pertain only to construction. That was the basis that was used by Senator Osterman to persuade his fellow legislators to pass the legislation. The definition of construction has as its title construction. The definition is then followed by a variance of very specific examples both of specific structures that the term would apply to and various types of activities as to which construction would apply to as to those specific structures. And then there is a catch-all which purports to rope in to the definition of construction language which provides anything that would involve any addition to or removal from any property. This language is really the problem with the definition of construction because at that point the definition of construction moves from construction to basically any enterprise that has anything to do with any structure. It no longer has anything to do with construction. This is not simply a broad definition of construction. Senator, let me change direction here for a moment. Sure. As an expert in this case, I'm not quite sure I understand the one that you're talking about. If I understand you correctly, government communications seeking a court-ordered judgment against the department seeking to prohibit from investigating. How does that work? And how do you stop a governmental agency from investigating? What is your interest in doing that? Why can't they conduct their investigation and then see where they're going from that? As a for instance, it's conceivable. I don't know how that would happen. It's conceivable that as a matter of their investigation, maybe the department would say, yeah, this doesn't look like construction to us. Or maybe they'd say, yeah, this is construction and then what? Then they'd have to file for administrative action. Well, I mean, I suppose anytime you have any piece of legislation, there has to be some definition to it. And in this instance, the subpoena relates to satellite dish installation. And satellite dish installation is not construction. And our point is that whether or not the state is going to start undertaking extraordinary investigation, extraordinarily disruptive investigation of Illinois businesses. Why is this extraordinarily disruptive? Well, because in this instance, what the state was looking for was all of Ketterman's records from January 1, 2008 to present, all of their records. That is an extraordinary amount of documentation. There was no definition to any project. There was no definition to any time period. Was that modified at some point? No, it was not. That was what they sought to enforce in court. And our point was that the problem is, there are two problems, big problems that we have with this. And I think the point is, and at some point there has to be a review of what this statute is. There has to be an ability to look at what it's doing. And the statute pertains to construction. Well, if the subpoena is overbroad, that's one thing. It is. But if you're arguing about the statute, it seems to me that that's not yet right or timely. Well, I think it is. I think the point when somebody needs to look at a statute and say it doesn't apply is at its inception. I think when somebody seeks to enforce a statute, it doesn't. This is an investigation. This is like the grand jury, isn't it? It's like the grand jury subpoenas, you know, investigating. Let's assume that there was a charge of, or thought of, some financial criminal behavior of some kind. A long-during fund, I don't know, that the grand jury was concerned about. But if they want to investigate Ketterman and that, the issue of subpoena is a whole bunch of records. I don't see how a trial court or any court would be, I don't understand how a court would say, we're not going to let this investigation continue because you're attacking the underlying statute upon which an ultimate charge might be based. Well, in that instance, it would be a subpoena on a third-party basis. I mean, the point is that the state— The subpoena director, Ketterman Inc., is the entity that the state maybe thinks is involved in money laundering. But it isn't. I mean, the state is looking at Ketterman as a violator of the Employee Classification Act. And our point is that the statute is unduly vague. And the point is that it's so unduly vague that it's subject to arbitrary enforcement and arbitrary investigation. And the point is that— Wait a second. What case law, what support is there for this concept of arbitrary investigation? Indeed, I would have thought that the World Painting case tends to suggest pretty clearly there is no such concept. But now you're right to point out that in that case, the Department of the Plaintiff agreed that the Department could investigate potential violations but could not make any adjudicatory findings. And there's no such agreement here. But that is the fact. We don't need your agreement to determine that this is an investigation which can't lead to any adjudication of itself. You have to have further petitions and actions taken. Right. I mean, that is different. This is like a grand jury. Right. But that's different. That's a due process issue, a procedural due process issue. And I understand that. And that actually has been addressed by the statutory amendments. And that's not an issue—I mean, the issues that are presented here are really, in my view, entirely different than the issues that were addressed in World Painting. The issue in World Painting did not concern the essence of the statute, whether or not the statute is unconstitutionally vague. I don't think it's appropriate for there to be a statute that is so vague that Illinois businesses can't know whether they could be potentially subject to it. Here's my point. I don't understand, and I don't see any authority for the proposition, that an investigation by a government agency into an alleged violation of some statute can be thwarted based upon a challenge to the statute, which is what is—why the agency is investigating. I don't think it's right for you to be able to do that. What case says it is? Because this is a challenge—they're asserting that we are subject to the act, and it's the act— They haven't asserted anything. Well, they are. An investigation is asking, not an assertion. Maybe that's the essential difference. Isn't that what's going on? No, I don't think so. What assertions have they made? Well, by virtue of the letters that we received and the subpoenas that we received— That sounds like an investigation. That's a question. An assertion is when they file a petition before an adjudicatory agency saying Ketterman, Inc. is violating the statute. But Ketterman, Inc. is in the business, and there's no dispute about that, in the record, that they're in the telecommunications industry. And the Employee Classification Act pertains to the construction industry and is unduly vague and ambiguous. And our concern is that there are many other Illinois businesses that are ambiguously within or not within that act. And it should be clear whether or not an Illinois business could fall within or without that act. Otherwise, it can be arbitrarily enforced and investigated. And that's the problem. It's this concept of arbitrarily investigating. What's the case law supporting that? I don't think that—and there may not be a specific case addressing that. But I don't think that Illinois businesses should be subject. And this was one of the issues that was originally the basis of the Bartlow decision. And the point was that once an Illinois business is subject to investigation and has to open up all of their books, it is, in fact, a very disruptive fact. And it does, in fact, create a great deal of difficulty for the business and uncertainty within the business and its operations. Although the vagueness challenge was denied, how is your situation different? Because the vagueness challenge in Bartlow didn't pertain to the definition of construction. That was the procedural due process under Section 10 and the independent contractor analysis. And that—I mean, I wouldn't argue that's vague. I think the construction analysis is extraordinarily vague. And the analysis that was challenged in Bartlow was a completely different section of the statute that was not even touched upon in Bartlow. Well, you have—leaving aside the statute, there is a remedy in the sense that if this is unduly broad and unduly burdensome, what happens is the Department of Labor has to go to court to enforce their subpoenas. And you can say, judge, this is unduly broad and burdensome. They don't need it. They don't need—you know, I've been an agent. There's a trial. I can look at this and make a determination and say, hey, Ms. Welsh, tell me why you need all this. And if I'm not satisfied, I can quash the subpoena or have it modified. So it's not—you seem to be melding these two concepts. This is—oh, this is burdensome and it's bad. We shouldn't have to respond. Well, maybe, but that's not a question of whether they can conduct an investigation. But you want to stop no matter how burdensome empirically it might be. You want to stop because the basic statute isn't constitutional for an investigation. I've just never heard of the concept of thwarting an investigation on that basis. Well, I don't think you can have a statute and, on the basis of a statute, use that as an opportunity to have any business open up its records for anything. You know, there's—I don't think there's any authority that would support that either. And that's essentially what this statute does. If they're terrible in abuse by the executive branch, why do you suppose the judge would let it happen if he made a motion to quash? But the point is that a statute, if it's unconstitutionally broad, there needs to be a challenge to the vagueness as a constitutional point. Like the investigatory statute? Yes, yes. Are we the first case in American jurisprudence, would we be the first court to so hold? Well, I don't think that— Because if we're not, I'd like to see the authority, but I don't think you've provided it. The fact that it's at this stage versus another, I honestly don't believe is material. If the statute is overbroad, it's overbroad. No, it's not versus another. Is there any authority thwarting an investigation on the basis of no broad statute that's been approved anywhere? But why does it matter that it's at this point versus another? I mean, if the statute is overbroad, it's overbroad. And if the statute is presented to you, and you look at it, and you recognize that it's so broad that you can't possibly know what businesses would be within or without it, then it's presented to you. The answer to your question is it's very difficult for the court to thwart executive investigations that are just that. It's not bringing a charge. When a charge has been brought, then you have all kinds of rights to assert. This is an investigation asking for information, and I just don't understand how we can thwart that based upon the claim that if a charge were brought based on this statute, it should be thrown out because the statute is unconstitutional. I don't know of any case that ever said that. I think if the statute is unconstitutional, it cannot be enforced. And then if it doesn't apply, I mean, period. Is an investigation enforcing the statute?  It's in the subpoena. It's enforcing the statute. That's exactly what it's doing. I've taken up a lot of your time. I apologize. I'm sure you had other things you wanted to say to us as well, and I want to give you a chance. The other point, which actually you delved into, is the issue with regard to the scope of the subpoena, which we think is patently and obviously overbought. And the fact of the matter is that when the statute was amended, one of the things that was amended was a notice provision of the subpoena. And our other position is that the ‑‑ So how does that amendment affect your position? Well, the amendment now provides that within 120 days of the filing of a complaint by someone, the department has to notify the employer in writing of the filing of a complaint and provide the employer the location and the approximate date of the project or projects affecting the contractors and the nature of the allegations being investigated. Would that remedy what your complaint does? It would. And our point is that unlike the situation in Bartlow, this is not, however, something that can be retroactively remedied because obviously 120 days has passed since the complaint was received. So what we believe should happen, what we really believe should happen, is that this court should look seriously at the vagueness issue because we think this is an issue that is extremely important and it applies far beyond this particular case and it affects all Illinois businesses and we think it needs to be addressed urgently because there are recordkeeping requirements, there are posting requirements, there are different rules with regard to independent contractor analysis and no one knows whether they're covered by the employee classification or not. It's a terrible situation and we believe that this needs to be addressed because it's terrifically unclear and it's unfair to employers and it's inconsistent with the purpose, by the way, for which the statute was passed. However, if the court disagrees with our analysis on that point, then we believe that the complaint should be stricken, the complaint to enforce the subpoena, on the basis that it is seeking to enforce an invalid subpoena because the statute as it now has been amended would render the subpoena invalid because there's no notice of the complaint, there is no time limitation in the complaint, we were not given any information regarding the location, the approximate date of the projects, we were just told that there was a complaint and that we need to produce all of our records from the date, Did you reach the trial court with regard to the scope of the subpoena? We did. And what did the trial court say? He did not actually reach that issue because he felt that he wanted to address the constitutional issues and said he would address that issue if the case was remanded. But this is a different issue because now that the statute has been amended, there's a different issue now and that's that the requirements for notification upon the event of a complaint and the requirements for a subpoena have been changed and the subpoena that was issued to Ketterman does not conform to those requirements. So in our view, the correct course of events would be to require that the department issue a new subpoena to Ketterman and move forward in that regard. If we affirm, is there any reason why you couldn't go back to the trial court affirming the denial of your predatory judgment in the motion for injunction? You couldn't go back to the trial court and ask for that relief with regard to the subpoena? Well, I think I could move to quash the subpoena. I suppose if this court addresses and rejects the argument I just made, the trial court wouldn't be inclined to disagree. Well, no, this is essentially, we're reviewing the denial of your request for injunction relief and predatory judgment. We're really nothing about the broadness or, I claim, of a newly broadness of the subpoenas, of course. Mm-hmm. Well, okay. If that is not the enough case, we'll do a subpoena. Okay. Thank you. Ms. Walsh? Good morning, Your Honors. Good morning, Your Honors. May it please the Court, I'm Mary Walsh. I'm here on behalf of the people of the State of Illinois in relation to the Department of Labor. Counsel, did I ask you to address whether or not the request, the subpoena request, had been modified? I thought that had been modified. And, of course, the counsel represented that that was not true and that you saw before was not modified. But where do we see that? Well, to me, that is not correct. It's true that the initial letter from the Department to Ketterman did not have a temporal or geographical or any kind of limitation, but the subpoena itself, which is tab 5 in the opening brief, says information from January 2008 to the present, so it's temporally limited. And it says work performed within the State of Illinois, so it's geographically limited. And it asks for very particularized information about the people who performed the satellite dish installation work. So it isn't limited to particular projects because, as the letters reveal, the letters are also in the opening brief. The Department's letters, the nature apparently of the complaint, which is not in the record, was such that it appeared to be very, the violations appeared to be statewide, is my inference. So it is a modification from the original? From the original. The original is quite broad. It's true. I mean, it went, I mean, conceptually it would have gone before the enactment of the act. But the subpoena itself was neurotemporally and geographically. But the Court understands the problem here. This is really a case about the challenge, Ketterman's challenge to the subpoena power, the investigatory subpoena power of the Department. And it shows the sort of collateral attack method to do this. But, in fact, there is no case law that would allow them to seek an injunction. And, again, I would like to emphasize that the Circuit Court didn't reach the question of the preliminary injunction or any other relief. In fact, it dismissed the counterclaims without addressing the relief that Ketterman was seeking in its counterclaims. So there's no question about abuse of discretion in denying a motion for a preliminary injunction because that wasn't before the Court. It was just because you wouldn't reach the preliminary injunction question unless the Court had not dismissed the claims, had denied our motion to dismiss. Okay? So, again, the Court was exactly right. This is just like a grand jury investigation. The investigations are to gather facts. You know, an entity can say, for example, we don't fall within the scope of the act, but it's the job of the investigation to discover whether or not that is true. Ms. Murphy is correct that the department is abusing its authority. It's asking for all kinds of stuff that's improper, unnecessary, and really burdensome. Executive agencies, on occasion, do bad stuff. What's the remedy? No doubt the remedy is a motion to quash an honor, as the Court suggested earlier. I mean, as you know, the scope of the subpoena is unreasonable, either temporarily or geographically. We need more information. I mean, obviously, you know, Ketterman understood the nature of the document request because it did turn over some documents. We felt that those documents were insufficient, which was to respond fully to the request, which is why we, you know, and then they resisted, refused, whatever word you want to use. Well, you know, the question I asked Ms. Murphy at the end of the argument on that is if we were to affirm the trial for its rejection, or dismissal of the complaint that was brought forth. The counterclaims. The counterclaims. Is there any reason why Ketterman, if they believe the request would be unduly broad, and oppressive, and unnecessary, or don't like it, couldn't go back to Judge Leonard and say, by the way, this is an abuse by the Department of Labor, and we need some judicial relief to quash or modify these burdensome subpoenas. I believe that's exactly what should happen here. So I take it that the Attorney General's Office is not going to show up and say, wait a minute, this is all res judicata. You can't be coming to the court whining about any of this, et cetera. Well, I think, well, I will say that I have a twofold answer to that. I would say that if this court affirms the dismissal of the procedural due process claim, that would be res judicata, because there would be a final judgment on the merits, Court of Competent Jurisdiction, yada, yada. And also, if it found that the act was not unconstitutionally vague, that would be res judicata. But whether the scope, I mean, before, the circuit court didn't address the scope of the subpoena. That wasn't before. All it addressed was really the two issues. Was the act unconstitutional as a procedural due process matter? And we know that from the Illinois Supreme Court's decision in Bartlow that a claim about the procedural due process defects in the preamendment statute is moot. That sort of claim is moot, a facial claim for the prior version of the statute. We know that even in that supplied version, World Painting and the Bartlow appellate court decision would both lead us, you know, would, are binding, and they say that an investigation doesn't trigger due process. So there was no as applied challenge to the preamendment version. So I'm guessing the answer to my question is no. The answer to your question, which was? The question being, is there anything, any reason why Ketterman couldn't go back into the trial court and ask for a modification or to quash the dispute? No, there's no reason they couldn't do that. I mean, I'm not saying they would win. I'm not saying we wouldn't fight it. I understand. And your discourse in relation to your trial, I think, is correct. But that wouldn't include problems about the dispute.  I mean, the scope of the dispute. We're not called upon to address that, are we? I don't believe so, Your Honor. I don't. And also I think I just want to address just briefly, because this may, you know, dovetail into this, the vagueness challenge. Now, we know that there can't be a vagueness challenge, a facial vagueness challenge, because it could not be disputed that this would apply to McHugh Construction Company building, you know, a new Capitol building. I mean, and if there's one example that is undisputed, then you can't have a facial challenge. So then the question is, is this an as-applied, you know, is there an as-applied challenge? Now, it would seem to me that that's the sort of thing that would come up in the scope of the challenge to the subpoena itself, that you would say, look, you know, this subpoena is unreasonable because we're not within the scope of the statute. And the circuit court could decide that question. But, you know, and it would appear, in fact, that the circuit court already did decide that question, because it said that rationally this sort of satellite dish installation is adding to a structure, adding to a building, and thus falls squarely within the statute. So in the definition of construction, which is quite expansive, it isn't just building buildings. You know, it certainly applies to electrical work. And we don't know, because there hasn't been the factual development that an investigation, you know, is the reason for an investigation. We don't know what this... Do you agree that as a result of your investigation, no action can be taken other than perhaps at the conclusion then to file some sort of petition for adjudication? Well, now what would happen is... There are two things that can happen after the investigation and the subpoena. Let's say we get a subpoena, the subpoena is enforced, they give us some records. We find either they do construction and they are treating employees like independent contractors, in which case then we file the administrative complaint under the new statute and it goes forward under the regular administrative review action. Or we find either that what they do does not fall within the definition of construction or it does fall within the definition of construction, but they're treating their people who really are independent contractors, and then we don't do anything. So I guess the answer to my question is yes? I guess so. So, yes, I mean, I think the court really understands that this just isn't the right proceeding to... What Ketterman is trying to do is challenge the department's investigative authority, and the investigative authority of an executive agency, executive branch agency, is to investigate. They have investigations, as we know from the Supreme Court's Hanna case, and as we know from other cases, that an investigation doesn't trigger due process concerns. You don't need notice. You don't even need to tell the investigation subject that you're investigating them, as we know from Hanna, from the Supreme Court's decision in Hanna. So you certainly don't need to give them particulars about... Well, I don't think either of us has found a case that would say that, you can thwart an investigation because the underlying statute is unconstitutional. I think the court was correct to say that there's a difference between enforcement, which would be the initiation of an administrative action to actually have a hearing, administrative hearing, administrative discovery, all of that. That's an enforcement action. Once we figure out after an investigation, the department figures out after an investigation, that it has enough information to say, you know, this needs to go forward. I mean, it's not, you know, it's not probable cause. This isn't a criminal case, but, you know, it's enough information to go forward to say, we think that this is, you know, there's a violation happening here. You know, we have enough to go forward with an investigation, and ultimately, after the administrative agency, you know, hearing and so on, we would have enough information, you know, we would have gathered enough information to make a determination one way or the other. And then, of course, you know, plaintiff would have, the ketterman would have an opportunity to be heard, both in the administrative hearing and then, again, on judicial review. And, in fact, I mean, I have to say I find the due process, the procedure due process claim kind of peculiar because, in fact, the subpoena proceeding provides a lot of process. You know, here we are in the appellate court. You know, all of this would have, could have, should have come within the subpoena, a challenge to the subpoena itself rather than this collateral attack on the department's, you know, investigatory power and the subpoena process. Are you suggesting that they could have, as part of the motion, to quash the subpoena and raise the constitutionality of the underlying statute? I believe they could, Your Honor. And what would be your position then? Well, our position would be what it was in the circuit court, which is that it's highly constitutional. It's constitutional both in terms of procedural due process because investigations don't trigger the guarantee of due process and that it's not unconstitutionally vague both on its face because we know at least certain categories that it would apply to and no one would dispute. And it's not, you know, this is, and maybe I should address this as well, but the plaintiff says that, or Ketterman says that the definition has, is, well, says it's ambiguous, but in fact what this definition is, is big. It's very expansive. It wanted to cover the whole playing field of people who perform the sorts of things that add to and subtract from buildings, painting, you know, deliveries also to and from building sites. So it's not, you know, the department defined, didn't use the common understanding of construction, which everybody would accept to build a new capital building. They made it much broader because they wanted to capture all of the fields in which people are, you know, brought in, do work day after day after day for the same employer and yet are treated like independent contractors. And thus, you know, the Employee Classification Act is, you know, the construction industry was the industry in which these, this avoidance of labor laws was the worst, and in the view of the General Assembly. And so the General Assembly wanted to, you know, to stop this practice as broadly as possible within the people who do work on buildings. And, you know, I have trouble understanding why, if we could all agree, I think that this would apply to electricians, why it wouldn't apply to satellite dish installation and cabling. I mean, I don't see a difference. I'm an architect, and I don't see a difference. And so, but again, that's for Ketterman to graze in the subpoena proceeding itself. This is unlike the case that Ketterman relies on mostly is an Illinois decision, also called Hanna, and a landmark, a landmark ordinance. But in that case, the ordinance initially used adjectives like important, significant, unique, you know, things that have a very subjective, would call for a lot of subjective judgment and have, you know, sort of squishy, I would say, for want of a better word. But the definition of this, of construction, has very active words. It's about painting. It's about building. It's about, you know, it has words that you can understand that don't require a lot of, they're objective, they're objective standards. And that's why it's not, you know, so ambiguous. I mean, I don't think it's ambiguous at all, but it's certainly not so ambiguous as to make it unconstitutional. You know, whether it applies to, just because there might be a close case here and there does not make a statute unconstitutionally vague. And I think that perhaps that's the point that Ketterman's making, but that would be incorrect. I mean, that's not the standard for unconstitutional vagueness. So unless the court has any questions, we ask that the court affirm. And also to lift the stay. As the court knows, there's a stay in the district court, in the circuit court proceedings. And I just, and maybe I should, before I leave, maybe I should make a point about the, I'm frankly not sure whether the new statute would apply to the old subpoena. It would seem to me that we, the department has taken a position both in Bartlow and generally that the statutes, the amendments became effective January of this year. The subpoena in this case obviously was issued years ago. And so it's, I have to say, for me it's unclear. I was just thinking about this when people. Is that anything meaningful? No, no. The trial court gets to decide everything in the first instance. As the circuit court here said, these claims beg the question. What the question is here is does the department have the power, the investigatory power to issue a subpoena. And the answer to that question is yes. So again, we ask that the court affirm, and we ask that you lift the stay and allow the subpoena proceeding to take its normal course. Thank you. Thank you, counsel. Ms. Murphy. Just briefly, Your Honor. Listening to counsel argue, I actually think she and I are in certain respects in agreement that the issue of the constitutionality of the statute is connected to the subpoena. And needs to be addressed in connection with the enforcement of the subpoena. I don't think that the issue can be ignored. I think that if the department is going to be enforcing the statute, the court needs to understand what entities are within the scope of the statute. And I think the trial court needs direction as to whether or not various entities fall within the scope. And I think that's the inherent fault with the statute. And in the Hanna case, that dealt with a statute that pertained to definitions of landmarks. And what the court held there was that the definition was so broad, it could apply to any building, theoretically. Here, the definition of construction, which applies to adding or subtracting from any building structure, highway, roadway, street, bridge, alley, sewer, ditch, sewage, disposal plant, waterworks, parking facility, railroad, adding or subtracting to could apply to virtually any activity with regard to any structure. And gives absolutely no guidance to any trial court. All that we're asking is that the court take a serious look at this definition. I think it needs to be reviewed so that there is some serious structure to this act so that Illinois businesses understand whether they're within or without the statute. And I think it's something that the trial courts do need guidance with. The essence of whether a statute is constitutional, and again, this is something we agree with, is whether or not it provides the type of notice that would enable people of ordinary intelligence to understand the conduct that's prohibited and whether it provides explicit standards for those who apply it, such as authorizing or even encouraging arbitrary or discriminatory enforcement. And again, when counsel was talking about this, I thought it was pretty clear the way she was describing the statute that it isn't clear and that there would be instances when something may or may not be clearly within the statute. And that is unacceptable. So that's all I have. Thank you. Thank you, counsel. Let me explore a resource you just mentioned. This is a somewhat complicated and immutable case. And speaking for myself, and I'm confident that Justice Longer will as well, I want to commend both counsel. The court asked you a lot of questions. I thought each of you did a very nice job in responding, and it's always a pleasure to have counsel do that. So thank you. Thank you very much. Thank you for having me, advisor. Need a resource. Thanks.